this defendant, neither she nor this defendant assumed the duties or the character of a trustee for these assignors, except so far as the law would *imply* such duties *ex maleficio*. And it is well settled that, as against the beneficiary of a trust so created, the Statute of Limitations begins to run from the time when the party became chargeable by such implication. (*Lammer* v. *Stoddard*, 103 N. Y. 672; *Price* v. *Mulford*, 107 id. 303, 308; *Mills* v. *Mills*, 115 id. 80, 86; *Gilmore* v. *Ham*, 142 id. 1, 10.) There is not a particle of evidence to show that this defendant ever assumed any trust concerning any portion of these lands. Probably he knew of the arrangement which Edgerton had made with these creditors to endeavor to collect their debts, and that those debts had been included in the judgment under which the premises had been sold, but he never in any way acknowledged any trust in himself nor obligation to hold such lands for the others. He did not purchase them under any such suggestion or arrangement; nor was he called upon to repudiate any such arrangement or obligation. He merely purchased the lands from Mrs. Edgerton, and, beyond all doubt, he by her conveyance acquired the clear legal title to the same. Of this fact all the assignors at once had notice, and if any one had then desired, he could have at once brought this action to impress his equities upon the land. Clearly, this defendant has never assumed to protect them, or in any manner to act for them therein; nor is there any averment in the complaint that he ever did; and there was no reason why there should be any delay in claiming the very relief they now ask. Manifestly, the plaintiff and his assignors have never had any lien upon these lands. If anything, it is an equitable interest arising out of the trust under which it is supposed Edgerton held them at the time of his death, to be impressed upon the lands by the aid of the court. Clearly, such interest or equity had arisen when Edgerton died, and this action is one in equity to enforce it. It was barred by the statute after the expiration of ten years from the time it so accrued. (*Gilmore* v. *Ham*, 142 N. Y. 1.) I am of the opinion that the plaintiff's claim was barred by the statute, and that for such reason the judgment should be reversed. Chase, J., concurred.

Cortland Home Telephone Company, Appellant, v. William R. Huntington, as Sole Executor, etc., of William R. Randall, Deceased, and Others, Respondents.— Order reversed, with ten dollars costs and disbursements, and the appellant may apply at Special Term, on notice, for a trial of the issues, or for a reference of the same.— Appeal from an order made at Special Term dismissing a petition and proceedings instituted for the condemnation of a right to erect telephone poles over defendants' lands in the highway.—

Parker, P. J.: We are of the opinion that no reason appears from the record before us why the issues raised by the answer to the petition in this case should not have been either tried by the court or sent to a referee for trial, as required by section 3367 of the Code of Civil Procedure. There is no attempt by this petition to condemn the fee in the land described. It is simply the easement or right to erect and maintain its poles over the strip of land described that is sought; and "the property to be condemned" is, we think, sufficiently described. The petition seems to substantially comply with the requirements of section 3360 of the Code, and the petitioner was entitled to a trial thereon. Whether further proceedings, in the action

enjoining the petitioner from erecting its poles, which is referred to in such petition, should be stayed or not, is a matter in the discretion of the court at Special Term, and we are not called upon to express any opinion thereon. The order is reversed, with ten dollars costs and disbursements, and the appellant may apply at Special Term, on notice, for a trial of the issues, or for a reference of the same. All concurred.

The Board of Water Commissioners of the Village of Philmont, New York, Respondent, v. John Shutts, Jr., and Others, Appellants, Impleaded with Others.— Order denying application for supplemental report affirmed. Final order confirming report of commissioners unanimously affirmed, with costs. No opinion. Chase, J., not sitting.

Cortland Home Telephone Company, Appellant, v. William R. Huntington, as Executor, etc., and Others, Respondents.— Motion to dismiss appeal denied, with ten dollars costs.

Rosa A. Coon, Respondent, v. Alfred Avard, Appellant.— Judgment unanimously affirmed, with costs. No opinion.

Daniel S. Coonley, Respondent, v. Margaret Cantwell, Appellant.— Judgment and order unanimously affirmed, with costs. No opinion.

Alonzo T. Decker, Appellant, v. Sarah J. Decker, Respondent.— Judgment unanimously affirmed, with costs. No opinion.

Elmer Fuller, Respondent, v. James Scarborough, Appellant.— Judgment affirmed, with costs. No opinion. All concurred, except Kellogg and Smith, JJ., dissenting.

Alonzo D. Gale, Respondent, v. Samuel J. Tilden, Appellant.— Judgment unanimously affirmed, with costs. No opinion. All concurred.

Alexander H. Harper, an Infant, etc., v. The Albany Railway.— Motion to dismiss appeal granted, unless plaintiff by the 15th of July, 1901, procure case to be settled, signed and filed, and printed case served upon defendant's attorney.

Spencer Husted, Respondent, v. Jane Tompkins, Appellant, and Others, Defendants.— Order affirmed, without costs. No opinion. All concurred.

Ira R. Hendrick and Stephen V. R. Hendrick, as Administrators, etc., of Willis P. Hendrick, Deceased, Appellants, v. Frank J. Patterson, Respondent, Impleaded with William H. Patterson.— Judgment unanimously affirmed, with costs. No opinion.

In the Matter of the Application of the Saratoga Traction Company for the Appointment of Commissioners.— Motion granted.

Michael D. Murray, Appellant, v. Dennis Carroll, as Executor, etc., of Michael Carroll, Deceased, Respondent.— Judgment unanimously affirmed, with costs. No opinion.

James E. Nichols, Plaintiff, v. Charles W. Backus, Defendant.— Motion denied, with ten dollars costs.

The People's Building, Loan and Savings Association, Respondent, v. Nicholas B. Platz and Magdalena Platz, Appellants.— Motion granted, and decision amended so as to read: "Judgment reversed on the law and facts, and new trial granted, with costs to appellant to abide event."

Herbert Polhemus, Respondent, v. Cornell Steamboat Company, Appellant.— Judgment affirmed, with costs. No opinion. All concurred, except Kellogg, J., dissenting.

Samuel H. Shotwell, Plaintiff, v. Baltie H. Dixon and Others, Defendants.— Motion denied, with ten dollars costs.

Wallace Stever, Respondent, v. Hudson River Stone Supply Company, Appellant.— Motion granted, with ten dollars costs, unless defendant, by the 1st of July, 1901, procures